BOLIN, Judge.
Plaintiff instituted this suit against the Department of Public Safety, State of *411 Louisiana, seeking to enjoin the state agency from suspending plaintiff’s driver’s license for her refusal to take a breath test to determine the alcoholic content of the blood following her arrest for operating a motor vehicle while under the influence of intoxicating beverages. Pursuant to plaintiff’s request a temporary restraining order was issued and thereafter the case was fixed for trial on the question of the issuance of a preliminary injunction.
During the course of the trial, and after a private security guard and a municipal police officer had each testified that neither of them had observed plaintiff in the act of driving a motor vehicle on a public thoroughfare, the trial judge announced from the bench he thought an injunction should be granted. A formal judgment was rendered permanently enjoining and restraining defendant from suspending plaintiff’s driver’s license and from this judgment defendant devolutively appeals. We find the trial judge erroneously terminated the hearing without having heard all the evidence and the case should be remanded for an orderly completion of the trial.
On the night of September 18, 1973, Kenneth D. Sharbino, a private security guard, noticed an automobile stopped along Creswell Street in Shreveport, Louisiana, with the front of the car angled toward the front yard of a dwelling. He testified the lights on the automobile were burning and the motor was running. Sharbino stopped to investigate and found plaintiff slumped over the steering wheel, with the windows rolled up and the car locked. Being unable to arouse plaintiff, he became alarmed at the possibility that she was sick or had suffered a heart attack and he called the Shreveport Police Department. He waited at the scene until Sergeant Birdwell arrived in response to the call. Sharbino testified he did not see plaintiff drive the car and he had no way of knowing how the automobile came to be positioned as he found it. He said he observed Mrs. Neild’s actions after Birdwell arrived and when she got out of her car she was unsteady on her feet and had difficulty walking.
Birdwell testified that upon arrival at the scene he proceeded to plaintiff’s automobile to talk to her. He found the car stopped with the rear portion on Creswell and the front angled toward a row of shrubbery. The lights were burning, the engine running, and the automatic gear shift was in “drive” position. He said plaintiff was sitting behind the wheel and that he reached through the window of the automobile, turned the ignition off and manipulated the automatic shift lever to the position of “park”. He further testified he talked to plaintiff for IS or 20 minutes in an effort to persuade her to allow him to drive her home; that the odor of alcohol was strong on her breath and that he was of the opinion she was intoxicated. Because she refused to allow the officer to drive her home, he testified he “had no choice but to place her under arrest and take her to the station and book her for the drunk driving charge.”
Birdwell testified that after arriving at the police station he explained to plaintiff all of her legal rights and requested her to submit to a breath test to determine the alcoholic content of her blood. Upon her refusal to take this test the police officer executed an affidavit attesting to her refusal.
Plaintiff alleges that on December 12, 1973, three months after the arrest, she was notified by defendant agency that her driver’s license would be suspended for a period of six months. Following this notification the present injunctive proceedings were instituted.
The statutory authority for requiring a driver suspected of being under the influence of intoxicating beverages to take a sobriety test, the rules and regulations for administering the test, and the effect of the results thereof, are set forth in Louisiana Revised Statutes 32:661-668. Counsel for plaintiff and the lower court take the position that in order to invoke these stat *412 utes it is necessary that the revoking agency prove the suspected offender was under the influence of alcoholic beverages and was operating a motor vehicle upon the public highways.
Defendant on the other hand contends the law only requires the law enforcement officer to have reasonable grounds to believe the person was under the influence of intoxicating beverages and also reasonable grounds to believe he had been driving or had actual physical control of his vehicle upon the public highways of this state.
For a resolution of this issue we need only look at the plain language of the statutes involved. For example, R.S. 32:661 provides in part as follows:
“A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency- by which such officer is employed shall designate which of the aforesaid tests shall be administered.” (Emphasis ours)
Section 667 provides:
“If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(C) and that the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided.” (Emphasis ours)
We therefore conclude the trial judge was acting under the mistaken belief it was necessary to prove plaintiff was driving her vehicle on the public highways before invoking the statutes referred to above, whereas the statute plainly provides the only prerequisite is that the arresting officer have reasonable grounds to believe she had been driving, or had physical control of, her vehicle on a public highway while in an intoxicated condition. Whether or not plaintiff could be convicted, by circumstantial evidence or otherwise, of the crime for which she is charged is not relevant to these injunctive proceedings.
*413 Appellant also contends the arresting officer need not have reasonable gounds to believe the party charged was “driving” but merely that he have “actual physical control” of the motor vehicle. We find the cited statutes must be construed together. For example, the first sentence in 32:661, supra, provides, “Any person who operates a motor vehicle upon the public highways . , . ” As related to this question, we hold the arresting officer must have reasonable grounds to believe the person was operating the vehicle upon the highway, which encompasses either being the driver or controlling the vehicle to such a degree as to constitute operation. The lower court having proceeded under a different interpretation of the law, the case should be remanded for the completion of the trial.
There are other issues in the case such as whether the actions of the police officer in requesting plaintiff to submit to the sobriety test were performed in accordance with the law. We do not choose to pass on this and other related matters until the case has been properly tried in its entirety in the district court.
For the reasons assigned the judgment of the lower court is annulled and set aside and the case is remanded to the district court to allow the introduction of additional evidence by either party to this litigation relevant to the issue of whether the arresting officer had reasonable grounds to believe plaintiff was operating a vehicle on the public highways while under the influence of intoxicating beverages; also whether or not the parties have complied with the requirements of La.R.S. 32:661-668; and any other relevant issues. Following such trial the lower court shall render a judgment in accordance with law and not inconsistent with the views herein expressed. It is further ordered defendant is temporarily restrained from suspending plaintiff’s driver’s license upon plaintiff furnishing bond in the amount of $100.00.
Remanded.